AGNES G. TRUNKEY, Respondent, *v.* JANE B. VAN SANT et al., Individually and as Executors of SARAH M. BERLIN, Deceased, Appellants, and EDWIN L. GARVIN, et al., Respondents.

WILL — CONSTRUCTION OF CLAUSE APPOINTING TRUSTEES "RESIDUARY LEGATEES" — RESIDUARY ESTATE RESULTING FROM INVALID TRUST PASSES TO SUCH RESIDUARY LEGATEES. Where a testatrix gave and devised all of her property to three persons, named in her will, "to have and to hold the same to themselves, their heirs and assigns forever, upon the uses and trusts following : To pay all my debts and pay such proportions of said estate to such persons as they may ascertain and a majority

shall agree to have been my expressed wish, or as I may hereafter formally designate, and I hereby nominate and constitute and appoint my said trustees residuary legatees of my estate," the use of the words "said trustees" in the residuary clause is the equivalent of specifying by name the residuary legatees who had already been designated by their several names; and, the second trust being void for indefiniteness, the residue of the estate, after the payment of debts as directed by the first trust, is a definite and ascertainable quantity, the determination of which is not dependent upon the validity or invalidity of the second trust, and passes to the residuary legatees; since it is apparent from the language used by testatrix that she intended to give her estate, after the execution of the two trusts, to the three persons named as residuary legatees, their heirs and assigns forever, so that the will stands, with the invalid trust eliminated, precisely as though the testatrix had said, I give to these three persons all my property upon the trust to pay my debts and the residue to them, their heirs and assigns forever.

*Trunkey* v. *Van Sant*, 83 App. Div. 272, reversed.

(Argued November 19, 1903; decided December 1, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1903, reversing a judgment in favor of appellants herein entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Franklin Pierce* and *William Arrowsmith* for appellants. The words " to have and to hold the same to themselves, their heirs and assigns forever," even though followed by the words " upon the uses and trusts," was a gift of the entire estate to the three persons named.    (3 Redf. on Wills [4th ed.], 599 ; *Trask* v. *Sturgis*, 170 N. Y. 491 ; Lewin on Trusts [10th ed.], 161 ; Perry on Trusts, § 158 ; *Dawson* v. *Clarke*, 15 Ves. 409 ; 18 Ves. 253 ; *Wood* v. *Cox*, 2 Myl. & Cr. 684 ; *Fenton* v. *Hankins*, 9 Wkly. Rep. 300 ; *Clay* v. *Wood*, 153 N. Y. 134 ; *Morton* v. *Woodbury*, 153 N. Y. 243 ; *Howard* v. *Carrusi*, 109 U. S. 375 ; *Foose* v. *Whitmore*, 82 N. Y. 405 ; *Clarke* v. *Leupp*, 88 N. Y. 228 ; *Campbell* v. *Beumont*, 91 N. Y. 464.) The words " I hereby nominate, constitute and appoint my said trustees residuary legatees of my estate " are fit and apt

words to vest in them absolutely the whole residuary estate. (*Spark* v. *Purnell*, Hobart, 75; *Parker* v. *Nickson*, 1 De G., J. & S. 177; 2 Redf. on Wills [2d ed.], 316; *Laing* v. *Barber*, 119 Mass. 523; *Hughes* v. *Pritchard*, L. R. [16 Ch. Div.] 24; *Jackson* v. *Kelly*, 2 Ves. Sr. 285; *Morton* v. *Woodbury*, 153 N.Y. 243; *Wyman* v. *Woodbury*, 86 Hun, 282.) The holding of the Appellate Division that the trustees were to take the balance of the property, not as individuals, but as trustees, for the purpose of applying it to or satisfying another trust which is not disclosed and cannot be ascertained, has no foundation. The words "said trustees" are words of description and clearly mean Jane B. Van Sant, Julia D. Lawrence and Louis Faugeres Bishop. (*Roe* v. *Vingut*, 117 N. Y. 204; *Dawson* v. *Clarke*, 18 Ves. 253; *Matter of Logan*, 131 N. Y. 460; *Gelston* v. *Shields*, 16 Hun, 143; *Walter* v. *Ham*, 68 App. Div. 381; *Forster* v. *Winfield*, 142 N. Y. 327; *Marks* v. *Halligan*, 61 App. Div. 179; *Matter of Russell*, 168 N. Y. 175; *N. Y. L. Ins. Co.* v. *Viele*, 161 N. Y. 11; *Hull* v. *Pearson*, 36 App. Div. 228.) The words "I hereby nominate and constitute and appoint my said trustees residuary legatees of my estate" is a general residuary clause making the appellants general residuary legatees, and vest in the appellants as against the respondents any void legacies, if any such can be regarded as existing, and the whole residuary estate of every name and nature. (Schouler on Wills [2d ed.], § 490; *Vernon* v. *Vernon*, 53 N. Y. 352; *Floyd* v. *Carow*, 88 N. Y. 560; *Wager* v. *Wager*, 96 N. Y. 164; *Henderson* v. *Henderson*, 113 N. Y. 16; *Riker* v. *Cornwell*, 113 N. Y. 115; *Lamb* v. *Lamb*, 131 N. Y. 227; *Schult* v. *Moll*, 132 N. Y. 122; *Johnson* v. *Brasington*, 156 N. Y. 181; *Meeks* v. *Meeks*, 161 N. Y. 66; *Lyman* v. *Lyman*, 22 Hun, 263.)

*Richard B. Aldcroftt, Jr.*, and *Edwin Louis Garvin* for plaintiff, respondent. No valid trust or power is created except to pay the debts. (*Tilden* v. *Green*, 130 N. Y. 29; *Levy* v. *Levy*, 33 N. Y. 107; *Read* v. *Williams*, 125 N. Y. 560; *Prichard* v. *Thompson*, 95 N. Y. 76.) The expressed

intent of the testatrix is that her whole estate shall go to the trustees for the purposes of the valid and invalid trusts. (*Tilden* v. *Green*, 130 N. Y. 29; *Van Ostrand* v. *Moore*, 52 N. Y. 18; *Fairchild* v. *Edson*, 77 Hun, 298; *Clements* v. *Babcock*, 26 Misc. Rep. 90; *Edson* v. *Barto*, 10 App. Div. 104; 154 N. Y. 199; *Wood* v. *Mitcham*, 92 N. Y. 379.) The so-called residuary clause does not give the executors a beneficial interest in the estate. (2 Jarman on Wills [6th ed.], 657; *Trethewy* v. *Helyar*, L. R. [4 Ch. Div.] 53; *Stackpoole* v. *Howell*, 14 Ves. 417; *Pratt* v. *Sladden*, 14 Ves. 193; *Gibbs* v. *Rumaly*, 2 V. & B. 294; *Seley* v. *Wood*, 10 Ves. 71; *Abbott* v. *Abbott*, 6 Ves. 343; *Forster* v. *Winfield*, 142 N. Y. 327; *Morton* v. *Woodbury*, 153 N. Y. 250.) The residue being uncertain and indeterminable, the so-called residuary clause is invalid for that reason also. (*Beekman* v. *Bonsor*, 23 N. Y. 299; *Kerr* v. *Dougherty*, 79 N. Y. 328; *Booth* v. *Baptist Church*, 126 N. Y. 245.) The words "to have and to hold the same to themselves, their heirs and assigns forever upon the uses and trusts following" are words importing a trust estate only. (*Southouse* v. *Bate*, 2 V. & B. 396; *King* v. *Dennison*, 1 V. & B. 260.)

*Samuel S. Mehard* and *Charles W. McCandless* for defendants, respondents. The appellants' contention that the words "to have and to hold the same to themselves, their heirs and assigns forever upon the uses and trusts following," etc., was a gift of the entire estate to the appellants, is founded upon a false premise. (*Dawson* v. *Clark*, 15 Ves. 409; *Bradstreet* v. *Clark*, 12 Wend. 602; *Griffen* v. *Ford*, 14 N. Y. Super. Ct. 123; *Trustees* v. *Kellogg*, 16 N. Y. 83; *Van Vechten* v. *Keator*, 63 N. Y. 52; *Shephard* v. *Gassner*, 41 Hun, 326; *Matter of Logan*, 131 N. Y. 456.) The true interpretation of the testatrix's intent, as expressed, is that she intended the trustees after paying proportions, to devote the residue to another trust, and the trust of the residue fails for uncertainty. (*Read* v. *Williams*, 125 N. Y. 560, 568; *Prichard* v. *Thompson*, 95 N. Y. 76; *People* v. *Powers*, 147 N. Y.

104; *Levy* v. *Levy*, 33 N. Y. 97; *Tilden* v. *Green*, 130 N.
Y. 29; *Holland* v. *Alcock*, 108 N. Y. 312; *Nichols* v.
*Allen*, 130 Mass. 211; *Briggs* v. *Penny*, 3 MacN. & G. 149;
*Schmucker* v. *Reel*, 61 Mo. 595.) Even if it be admitted
that the testatrix intended that the trustees after paying
proportions should take the residue as individuals, such an
interpretation makes the residuary clause invalid. (*Beek-
man* v. *Bonsor*, 23 N. Y. 299; *Limbrey* v. *Gurr*, 6 Mad-
dox, 151; *Burnett* v. *Burnett*, 30 N. J. Eq. 595; *Skrym-
sher* v. *Northcope*, 1 Swan. 570; *Green* v. *Pertwel*, 5 Have.
249; *Loyd* v. *Loyd*, 4 Beav. 231; *Floyd* v. *Baker*, 1 Paige,
480; *Howland* v. *Clendin*, 134 N. Y. 305; Theobald on
Wills, 188; Hawkins on Wills, 43; Wms. on Ex. 1461; 1 Jar-
man on Wills, 613, 719; *Kerr* v. *Dougherty*, 79 N. Y. 346.)
The interpretation that the part to pay proportions being void,
the trust ceases upon the payment of the debts, and the
trustees take the entire estate free of the trust, is untenable.
(*Roosevelt* v. *Thul*, 1 Johns. Ch. 220; *Home* v. *Van Schaick*,
3 N. Y. 538; *Law* v. *Lord Stanhope*, 6 T. R. 352; *Phillips*
v. *Garth*, 3 Bro. 68; *Buck* v. *Norton*, Bos. & Pull. 57;
*Smith* v. *Butcher*, 10 C. B. 113; *Matter of Trenken*, 131 N.
Y. 391; *Goebel* v. *Wolf*, 113 N. Y. 405; 2 Jarman on Wills,
842; *Morrison* v. *Tinley*, 143 Penn. St. 540; *Heilman* v.
*Heilman*, 129 Ind. 59.)

WERNER, J. This is a contest between heirs at law and
legatees over the construction of a will. On the 28th day of
May, 1902, Sarah M. Berlin died, leaving a last will dated
May 19th, 1902, in the following form: "Being of feeble
health, but of sound mind, at the time of making and pub-
lishing this, my last Will and Testament, I give and devise all
my estate, real and personal, whereof I may died seized or
possessed, to Mrs. Jane B. Van Sant, of Philadelphia; Mrs.
Julia D. Lawrence, of New York City, and Louis Faugeres
Bishop, of the same place, to have and to hold the same to
themselves, their heirs and assigns forever, upon the uses and
trust following: To pay all my debts and pay such propor-

tions of said estate to such persons as they may ascertain and a majority shall agree to have been my expressed wish, or as I may hereafter formally designate, and I hereby nominate and constitute and appoint my said trustees residuary legatees of my estate, and I hereby nominate, constitute and appoint said trustees Mrs. Jane B. Van Sant, Mrs. Julia D. Lawrence and Louis Faugeres Bishop, Executors of my last Will and Testament."

The only surviving heirs at law and next of kin of the testatrix are the plaintiff and the defendants Garvin, who were her cousins. The defendant Van Sant was a stepdaughter of the testatrix; the defendant Lawrence had been her close friend for many years and the defendant Bishop had been her physician and was a distant relative. It is conceded that the trust to pay debts is valid; that the direction to pay and distribute such proportions of the estate to such persons as a majority of the trustees should ascertain and agree to have been the expressed wish of the testatrix is void for indefiniteness, and the issue is, therefore, narrowed to the single question whether the trustees named in the will take as legatees under the residuary clause, or whether the residuum after the payment of the debts passes to the next of kin.

The Supreme Court at Special Term held that after the cessation of the trust for the payment of debts the estate passed to the residuary legatees. At the Appellate Division a different conclusion was reached, and the next of kin were held to be entitled to the residue of the estate, upon the theory that the second and third provisions of the will are inseparable and that the conceded invalidity of the one inevitably establishes the invalidity of the other.

The cases of *Beekman* v. *Bonsor* (23 N. Y. 299) and *Kerr* v. *Dougherty* (79 N. Y. 328) are cited in support of this conclusion, but we think neither of them is a controlling authority in the case at bar. In the *Beekman* case the testator's will, after having disposed of various specific legacies, contained a provision that out of the residue his executors should establish a medical dispensary, if they should have sufficient

funds, but there was no specification of the amount to be expended for that purpose. This was followed by a direction that if there should be any overplus the executors might, within fifteen years, give it to any other charitable society or societies for the relief of the comfortless and indigent whom they might select. In discussing these two provisions of the will the learned judge who wrote for this court said: "Now we have seen that the sum which the testator intended to give for a dispensary was wholly uncertain in amount and that the bequest was void on that and other grounds. As that portion of the residuum must go to the next of kin as undisposed of, the final gift of the remainder involves precisely the same uncertainty, and is void for the same reason. In order to ascertain the amount of this gift (the final residue), the sum intended to be previously appropriated out of the whole residue must first be known. But, as this cannot be known, the ultimate bequest falls to the ground also."

This argument, as applied to the facts of that case, was strictly logical, because the court was dealing with the residue of a residue that was indefinite and unascertainable; but the decision of the court was not based on that sole ground, for in a following paragraph of the opinion it was held that the final bequest was also void, because it was so indefinite that its amount and purpose were incapable of being ascertained.

In the *Kerr Case* (*supra*) one of the questions involved also arose over the residue of a residue. There the testator made certain specific bequests, some of which were to various religious, educational and charitable institutions. To the wife of the testator was bequeathed during her life the net income of the estate after the payment of the specific legacies, and after her death the principal left of the estate was bequeathed to some of the institutions named in the specific bequests. The specific bequests to religious, educational and charitable institutions were declared void, and thus the question arose whether the amounts of the several void bequests passed into the residuum of the estate, or were to be distributed as in cases of intestacy. This court held that the sums attempted to be

bequeathed by the void legacies went to the widow and next of kin as undisposed of by the will, because the wife's life estate was expressly limited to that portion of the estate remaining after the payment of the specific legacies, and the residuary bequests, which were not to take effect until the wife's death, were undisposed of during the period covered by her life, and after her death were good for only one-half their amount under the provisions of ch. 360, L. 1860. In that case the court was dealing with two residues, one of which was limited upon the other, and neither of which included the amounts attempted to be bequeathed by the void legacies. The residue, of which the testator's wife was to have the life use, was expressly limited to that portion of the estate remaining after the payment of the specific legacies. The final residuary legacies were not to take effect until the wife's death and, like the latter's life estate, related to the residue of the estate which should remain after the payment of the specific legacies. The failure of the specific legacies, therefore, created a second residue for which no provision was made in the will, and, hence, it devolved as in cases of intestacy.

In the case at bar we have a radically different condition than that which existed in either of the two cases above referred to. Here the conceded invalidity of the second clause of the will reduces the residuum to a definite and ascertainable quantity, unless, as held below, all the provisions of the will are so inseparable that each is dependent upon the other. As we read the will there is no such connection between its several parts as to make the invalidity of one determinative of all. The first, which contains the direction to pay debts, is concededly good. The second, which directs the payment of indefinite amounts to undesignated beneficiaries, is clearly invalid. The validity of the third, which nominates as residuary legatees the designated trustees of the testatrix, depends upon the intention of the latter, which is to be derived from the context of the whole will. It is to be noted that, although the estate is given to the three persons named in the will upon the trusts therein named, it is also given to them, their heirs

and assigns forever. While these latter words must undoubtedly yield to a clear, positive and valid creation of a trust or of a limited estate, it is equally true that they will be given great weight and cogency when the language relied upon to import a trust or a limited estate is uncertain or ambiguous. (*Clay* v. *Wood*, 153 N. Y. 134.)

The only two trusts specified in the will are (1) the trust to pay debts, and (2) the trust to " pay such proportions of my said estate to such persons as they (trustees) may ascertain and a majority shall agree to have been my expressed wish or as I may hereafter formally designate." Immediately following the declarations of these two trusts the testatrix goes on to say, " and I hereby nominate, constitute and appoint my said trustees residuary legatees of my estate." In *Morton* v. *Woodbury* (153 N. Y. 251) the language of the testatrix was " I hereby appoint E. C. W. my legatee and give to her all not before specified in this," and it was held to be sufficient to pass the residue of the estate as effectually as though more formal words had been employed. The court below seemed to think the use of the words " my said trustees " in the residuary clause of the will indicated an intention to create an undisclosed and nameless third trust, to satisfy which the residuary legacy was created. We think the use of the words " said trustees " in the residuary clause are the equivalent of specifying by name the residuary legatees who had already been designated by their several names in the opening clause of the will, and that it refers to them as trustees of the previously declared trusts, rather than as trustees of some imaginary trust which is to be added to the end of the will by judicial construction.

In the light of these observations upon the unscientific phraseology of the will, let us look for the intention of the testatrix which, in the language of Chief Justice Marshall, is the " polar star " of testamentary construction. The opening and the closing words of the will serve to clearly indicate an intention to bequeath substantially the whole of the estate to Jane B. Van Sant, Julia D. Lawrence and Louis F. Bishop.

This, as we have said, is shown by the use of the words "Their heirs and assigns forever" before the words "upon the uses and trust following," and is emphasized by the fact that the only trusts thereafter named are to pay debts, and to distribute unspecified portions of the estate to unnamed persons. If the testatrix had intended that after payment of her debts the second trust should absorb all, or the greater portion, of her estate, she would, presumably, have employed more specific directions concerning it, or at least have expressed some limitation as to the residuum. In the absence of these things the probabilities strongly support the contention of the residuary legatees, that the real and substantial part of this considerable estate was intended to go to them.

But the result does not depend upon this last conclusion. If the second trust were valid, the residue of the estate, whether great or small, would go to the residuary legatees. The second trust was not to be carved out of a residue as in the *Beekman* and *Kerr* cases, above cited. Here there was to be no residue until the two trusts had been fulfilled. The residue then remaining would have been definite and ascertainable; not the unascertainable residue of a residue, but a sum capable of exact computation. Has the failure of the second trust complicated conditions? This question carries its own answer. As the will now stands, it is precisely as though the testatrix had said I give to these three persons all my property upon the trust to pay my debts and the residue to them, their heirs and assigns forever. The diversity in wills is as great as the difference in individuals. Authorities are, therefore, seldom of value or assistance except as they treat of similar cases or bear upon the general rules of construction.

Without further discussion of the cases cited in the briefs of counsel we conclude that the order of the Appellate Division must be reversed, and the judgment entered upon the decision of the Special Term must be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and CULLEN, JJ., concur.

Order reversed, etc.