SQUIRE RUSH HARRIS

*v.*

WALTER F. FERGUY *et al.*

*Opinion filed February 17, 1904.*

1. TRUSTS—*when trust created by will is active.* A will requiring the trustee named therein to sell and convey all real estate and re-invest the proceeds according to his judgment, hold, manage, lease, care for and invest and re-invest the trust estate as he sees fit, for a period of five years, paying the net income to the beneficiaries after two years and transferring the property to the beneficiaries at the end of the five years, creates an active trust.

2. SAME—*when trust is not void for uncertainty of its objects.* A trust created by will is not void for the uncertainty of its objects, where it is clear that the first objects of the bounty of the testator are her children and the second objects the issue of such children as died before the expiration of the trust period, the main purpose being to preclude the husbands or wives of her children from participation in the estate.

3. WILLS—*where two clauses of a will are repugnant the later one prevails.* Where two clauses of a will are so repugnant that one of them must fall, the later clause, being the last expression of the intention of the testator, must prevail.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

KERR & KERR, for appellant.

GEORGE F. MULLIGAN, (WILLIAM DILLON, of counsel,) for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

February 5, 1903, appellees filed their bill in the circuit court of Cook county against appellant, praying for his removal as trustee and for the appointment of a successor, and an accounting by said appellant as such trustee. The bill alleged that appellant was trustee under the will of appellees' mother, and as such trustee was possessed of certain real estate in the city of Chicago and in Waukegan in which appellees had the beneficial

use, and that appellant refused to account to them or to pay them the proceeds of such property or any part thereof, and was converting the same to his own use; that appellant had not given a sufficient bond, and that he had threatened to sell the trust property under the supposed power given him by the will, and that appellant was irresponsible. Appellant answered the bill, admitting that he was trustee and possessed of the properties mentioned in the bill, but denying the allegations of the bill as to his refusal or failure to account to appellees, and alleged, on the contrary, that he had paid them the monthly rents, or such portion thereof as was in excess of the taxes, insurance and repairs, and in his answer rendered an account. The cause was heard, as far as we can tell from the record, before the court, but there is no certificate of evidence and no question of fact raised. The court construed the will, and held that by its terms and provisions appellees had a vested estate in fee simple in the real estate held by said trustee, and that appellees were the owners thereof in equal shares in common, and that the supposed trust created by the will in favor of appellant and under which he assumed to act was in the nature of a naked trust, to continue which would be to needlessly and without reason separate the legal from the beneficial or equitable interest in such real estate, and required the trustee to account, and ordered his removal, and enjoined him from disposing of any of the real estate under the provisions of the will. From this order appellant appeals, and insists that the court erred in holding that the will created in him only a naked trust and in requiring him to convey said real estate to the appellees, and in not holding that the trust was valid and to continue for the space of five years from the probate of the will.

From allegations of the bill and the decree it appears that Mary Ferguy, the mother of appellees, died testate December 25, 1900, and that her will was filed and admit-

ted to probate in the probate court of Cook county January 2, 1901, and that the appellant accepted the duties and office of executor and trustee under the will; that appellees are the sole heirs-at-law and next of kin of the said Mary Ferguy, the testatrix.

The will contained six general clauses. The first clause provided for the payment of debts and funeral expenses. The second provided for the payment of a certain sum for masses. The third provided for a monument for the testatrix and her husband, and the remaining portions of the will are as follows:

"*Fourth*—I order and direct my executor, as soon after my death as he thinks it advisable, to sell my real estate which I own in Waukegan, Lake county, Illinois, and Chicago, Illinois; also all other property, wheresoever found, which I may die possessed of, and to re-invest the same as in his judgment may seem best for my estate, and to convey by a good and sufficient deed of conveyance any property, both real and personal, for the purpose of carrying out my requests.

"*Fifth*—I give and devise to each of my children, Mary Ferguy and Walter F. Ferguy and Loretta Ferguy and William F. Ferguy, the remainder of my estate to share alike equally, each to have one-quarter, but should any child die without leaving issue or living children, that child's share shall revert to my remaining living children and to be divided equally, for it is my will and desire that should any of my children get married and leave no living children, the child so married, husband or wife, as the case may be, shall not be paid any portion of my estate, as I only desire my own children to get the benefit of my estate.

"*Sixth*—I hereby give, devise and bequeath unto Squire Rush Harris, of Chicago, as trustee, both all of my real estate and personal property wheresoever found, in trust for and upon the following trust purposes and conditions, to-wit:

"(1) To hold, manage, control, lease, care for and invest, and re-invest from time to time, said trust property for and during a period of five years from the time of my demise.

"(2) To pay the net income from said trust property after two years, at the end of each quarter year, over to my own living children only, to share alike equal, and after having first paid all fair, reasonable costs and charges of carrying, protecting and managing the said property.

"(3) To sell, convey and dispose of any of the trust estate during the life of the trust, when, from time to time, the trustee shall deem such disposition and sale expedient or necessary, the proceeds of said sales to be re-invested by the trustee in such income-bearing property, real or personal, as the trustee shall deem best.

"(4) Immediately upon the end of five years to transfer and turn over all the said trust property then held by the trustee to my own then living children, share and share alike equally, but should any of my own children named herein, Mary Ferguy, Walter F. Ferguy, Loretta Ferguy and William F. Ferguy, get married and leave children or child, it is my desire that the child so born and living shall be paid the share of my deceased child, should there be any, for it is my wish that my own said children get their equal share and none to be paid to the husband or wife of any of my children, should any of them get married and die, but that child who should die, her or his portion must be paid to the remaining living children in equal portions.

"Lastly, I make, constitute and appoint Squire Rush Harris (and direct that he give only his individual bond) to be executor as well as trustee of this my last will and testament, hereby revoking all former wills by me made."

We are not advised upon what theory the chancellor found that the trust provided for by the sixth clause of this will was a naked trust. By the fourth clause of the will the executor and trustee (who are the same person)

is ordered and directed to sell and convey all the real estate of the testatrix and re-invest the proceeds as in his judgment might seem best; and by the sixth clause, after declaring that the property is conveyed in trust to appellant, the first provision is: "To hold, manage, control, lease, care for and invest, and re-invest from time to time, said trust property for and during a period of five years from the time of my demise." By the second paragraph of the sixth clause the trustee is to pay the net income from the trust property after two years to the children of the testatrix in equal shares; and by the third paragraph of the sixth clause, as trustee, he is given power to convey and dispose of any of the trust property, at any time during the trust, that he shall deem expedient or necessary and re-invest the proceeds in any income-bearing property.

The general rule seems to be, that where control is to be exercised or duty to be performed by the trustee, or when he is to exercise discretion in the management of the estate or in the investment of the proceeds of the property, an active trust is created. (Perry on Trusts, sec. 300; *Kirkland* v. *Cox*, 94 Ill. 400; *Kellogg* v. *Hale*, 108 id. 164; *Hart* v. *Seymour*, 147 id. 598.) On the other hand, a simple, passive or dry trust, as it is variously called in the books, is one in which the trustee is a mere passive depository of the property, with no active duties to perform, which is executed by the Statute of Uses, and nothing remains for the trustee but to convey the property upon the request of the beneficiaries. (*Silverman* v. *Kristufek*, 162 Ill. 222; *Kellogg* v. *Hale, supra; Kirkland* v. *Cox, supra.*) And unless the clause of the will providing for a trust should be held void for uncertainty of its objects, or from some cause arising from its provisions, we know of no ground upon which this decree can be sustained.

Appellees urge that this latter ground is sufficient to sustain the decree, because, it is argued, by the fourth

paragraph of the sixth clause it is uncertain who is to take at the period of distribution. We think, upon reading the clause and the whole will, it is entirely apparent that it was the intention of the testatrix that her children and their issue should be the only persons who could take under any of the provisions of the will; that the first objects of the testatrix's bounty were her children, the second objects, the issue of such children as died before the expiration of the trust period, and that the one main purpose to be effected by the will was the shutting out or precluding the husbands or wives of her sons and daughters from any benefit in the estate.

Appellees further say that the sixth clause of the will, providing for the trust estate, is repugnant to the fifth clause, which is in terms a devise directly to the living children of the testatrix; and this must be admitted to be true. But it does not avail appellees if this contention is well founded, as the rule is well established that if there be such repugnancy between two clauses of a will that the one or the other must fall, the later clause, being regarded as the last expression of the testatrix, must prevail. The will in question bears evidence of having been written by the testatrix, and indicates that she became uncertain what would be the result if no further provision than that in the fifth clause were made, and she conceived the idea of creating the trust provided by the sixth clause, which, in its legal effect, is materially different from that of the fifth clause. Under the fifth clause the estate of appellees would be vested upon the death of the testatrix. Under the sixth clause, as it is, the estate could not vest until the expiration of five years from the death of the testatrix, because the direction is that the trustee shall, after the end of five years, transfer the trust property to the "then living children, share and share alike," and if any child shall be dead leaving issue, the issue of such child shall take the deceased child's part, and if a child shall be

dead without issue, the surviving brothers and sisters shall take.

We do not see any ground upon which this decree can be sustained. We think this trust an active one, and that it should endure for the time mentioned in the will, that is, five years from the demise of the testatrix.

The decree of the circuit court is reversed and the cause remanded to that court for such further proceedings as are in conformity with this opinion and to justice may appertain.                         *Reversed and remanded.*