EMILY P. DIXON et als.    In Equity

*vs.*

FITZ EUGENE DIXON et al.

Hancock.    Opinion March 31, 1924.

*The following provision in a will: "Whatever I may die possessed of I Leave to my son, A. and my dear friend, B, in trust, the income to be divided as follows; to my wife, C, one-third, and the balance in equal proportions to my children, D's share to go to his children;" the widow having waived the provisions of the will made in her behalf, creates a dry, naked, simple or passive trust, and the devise and bequest of all the income of the estate is, in effect, a devise and bequest of the principal or corpus of the estate.*

In this case as to the corpus of the estate, one third passes absolutely to the widow; the remaining two thirds are to be divided into four parts and those pass absolutely, one to Louise Dixon, one to Helen Dixon Krumbhaar, one to Fitz Eugene Dixon and the remaining part, in equal proportions to Elise Thayer Dixon and Thomas Henry Dixon, children of William Boulton Dixon, the deceased son of the testator.

On report.    A bill in equity seeking the interpretation of paragraph two of the will of T. Henry Dixon, who died June 18, 1922, in Philadelphia, Pennsylvania, where he resided, leaving both real and per-

sonal property in this State. A hearing was had upon the bill and answer and by agreement of the parties the cause was reported to the Law Court for determination.

The case is fully stated in the opinion.

*Hale & Hamlin*, for complainants.

*Edmond J. Walsh*, for respondents.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

PHILBROOK, J. T. Henry Dixon, who died June 18, 1922, at the time of his death being a resident of the city and county of Philadelphia, State of Pennsylvania, left a will consisting of only three paragraphs. The instrument was duly proved and allowed by the proper court in the county where he resided at the date of his death. In July, following, the deceased having left real and personal property in this State, the will was also allowed by the Probate Court for the county of Hancock. The respondents, Fitz Eugene Dixon and William Henry Trotter, by the latter court, were appointed executors of the will in July, 1923, and in November of the same year were also appointed trustees. Both qualified for the performance of their duties in each capacity.

The cause comes to this court by report. The bill prays for interpretation of the second paragraph of the will, which contains the sole provision for disposition of the estate, and reads as follows:

"Whatever I may die possessed of I leave to my son, F. Eugene Dixon and my dear friend, W. H. Trotter, in trust, the income to be divided as follows: to my wife, Emily P. Dixon, one-third, and the balance in equal proportions to my children, Bo's share to go to his children."

The person referred to as "Bo" was a son of T. Henry Dixon, who predeceased his father. The widow waived the provisions of the will made in her behalf and now claims the portion of the real and personal estate that would legally pass to her if her husband had died intestate. It follows, without further discussion, that the widow, Emily P. Dixon, as to real and personal property within the jurisdiction of this court, takes the same share of the real estate and the same distributive share of the real and personal estate of the testator as is provided by law in intestate estates. R. S., Chap. 80, Sec. 14.

We are therefore concerned only as to the other two thirds of the real and personal estate which is within the jurisdiction of this court.

Law writers and courts of last resort agree that trusts may be classified into two general divisions; (1) those trusts which arise out of a direct or positive declaration of trust, and known as direct or expressed trusts; (2) implied trusts, or trusts enforced by equity because morality, justice, conscience and fair dealing demand that the relation be established. As to the second division we are not here concerned. The first division may be further classified into active trusts, otherwise called live, or operative trusts, and passive trusts, otherwise called simple, nominal, or dry trusts. An active trust maintains the legal estate in the trustee, to enable him to perform the duties devolved on him by the donor, and gives the cestui que trust only a right in equity to enforce the performance of the trust. *Dodson* v. *Ball*, 60 Penn. St., 492; 100 Am. Dec., 586. By the same authority a passive trust gives to the cestui que trust a right to the possession, control, and disposal of the property, and the legal estate becomes executed in him unless it is necessary to remain in the trustee, to preserve the estate for the cestui que trust, or to pass it to others. Our own court, in *Sawyer* v. *Skowhegan*, 57 Maine, 500, states the principle thus: "Trusts are of two kinds, active and passive. The latter are sometimes called dry, naked, or simple trusts. In the former active duties are imposed. In the latter no active duties are imposed; the trustee is a simple depository of the title. In the former the trustee controls the trust property. In the latter the cestui que trust controls it."

The first contention of the complainants is that the paragraph in the will under consideration creates a passive trust.

In addition to what we have already said the following definitions may be noted. A passive trust is one in which the trustee is a mere passive depositary of the trust property, with no active duties to perform. *Dodson* v. *Ball*, supra; *Harris* v. *Ferguy*, 207 Ill., 534; 69 N. E., 844. A passive or dry trust arises when property is vested in one person in trust for another and the nature of the trust, not being prescribed by the donor, is left to the construction of law. *Cooper* v. *Cooper*, 36 N. J. Eq., 121. A simple, dry, or passive trust, is a simple conveyance of property to one upon trust for another without further specifications or directions. *Cone* v. *Dunham*, 59 Conn., 145; 20 Atl. Rep., 311; 8 L. R. A., 647.

In the case at bar the entire estate is intrusted to these respondents, with no reference to any disposition of the corpus of the estate, the sole direction being as to division of the income.  There is no provision for life estate, or for years, with remainders over;  no duties are imposed upon the trustees except to divide the income;  (but, by operation of law, among the duties and powers of a dry trustee is that of permitting the cestui que trust to occupy and receive the income and profits of the estate, Perry on Trusts, 2d Ed., Sec. 520);  there is no direction for management of the estate;  nor for investment of funds;  nor for payment of any charges against the estate;  nor as to when the income shall be divided and paid;  no power of sale;  nor does it appear that it is necessary that the legal estate should remain in the trustees in order to preserve it for the cestuiis que trustents, nor in order that it may pass to others.  The trustees are the simple depositaries of the title.  It is, therefore, the opinion of the court that this contention of the complainants must prevail and that the trust created by the paragraph under consideration is a dry, naked, simple, passive trust.

The second contention of the complainants is that the devise and bequest of all the income of an estate is, in effect, a devise and bequest of the principal or corpus of the estate itself.  We note, as we have already said, that the paragraph of the will under consideration is the only one which makes any provision for disposition of the estate.  It creates no estate in fee, nor for life or years, with remainder over.  It does not provide when the income is to be paid, nor is there any limit of time as to its payment.  It is perpetual.

It is a well-settled rule of law that a gift of the entire income of real estate is a gift of the real estate itself.  The same rule applies as to personal property.  *Paine* v. *Forsaith*, 86 Maine, 357;  *Sampson* v. *Randall*, 72 Maine, 109.  The second contention is therefore well grounded and is sustained.

Returning to the question of passive trusts, in reaching our decision, we observe that under the statute of uses, 27 Henry VIII., Chapter 10, which is a part of the common law of this State, by such a declaration of trust the fee passes directly to the cestui que trust.  He has the right to the possession and control of the estate and may convey it in fee.  *Blake* v. *Collins*, 69 Maine, 156.

It follows, therefore, upon the principle of passive trusts, and upon that of devise and bequest of income, that the corpus of this estate

passes absolutely to the defendants.   We have already seen that the widow, Emily P. Dixon, takes one third of the real and personal estate situated in this State.   The other two thirds are to be divided into four parts, one for Louise Dixon, one for Helen Dixon Krumbhaar, one for Fitz Eugene Dixon and the remaining part to be equally divided between Elise Thayer Dixon and Thomas Henry Dixon, children of William Boulton Dixon, the deceased son of the testator.

*Decree below in accordance
with this opinion.*