## DUNLAP v. JONES.

### Civ. A. No. 9757.

District Court of the United States for the District of Columbia.

May 10, 1941.

See, also, 36 F.Supp. 545.

John H. Wilson, of Washington, D. C., for plaintiff.

Brooks T. Saunders, of Washington, D. C., for defendant.

MORRIS, District Judge.

The plaintiff, widow of Hogan Dunlap, deceased, is the duly appointed guardian of his daughter, Sarah E. Dunlap, a minor. In his lifetime Dunlap held a policy of insurance in the Relief Department of the Washington Terminal Company, the death benefit being originally payable to his former wife, Mary. On February 12, 1935, after the death of his wife, Mary, Dunlap executed a new designation of the beneficiary of said policy as "my daughter, Sarah E. Dunlap, unless she should be at the time of payment under 21 years of age, in which event it shall be payable in trust for my said beneficiary to Lillian Jones, of 425 Fourth Street, N. E., Washington, D. C., whose receipt and release shall constitute a full discharge of all liability."

Subsequently Dunlap married the plaintiff, and his daughter resided with them and still resides with her stepmother. Upon Dunlap's death, the defendant, Lillian Jones, demanded and received of the Relief Department of the Washington Terminal Company the sum of $800 and deposited the same in a bank in the name and style of "Lillian Jones, Trustee of Sarah E. Dunlap, minor child of Hogan Dunlap." Thereafter the plaintiff was appointed guardian of Sarah E. Dunlap and obtained an order of the Probate Court directing the said Lillian Jones to turn over to her, as guardian, the funds above referred to. This order, on appeal, was reversed by the United States Court of Appeals for the District of Columbia on the ground that the Probate Court, being a court of limited jurisdiction, had no power to determine the rights of the parties under the instrument in which the alleged trust was created. 115 F.2d 689. During the pendency of such appeal, Lillian Jones paid over to the guardian said sum of money to avoid punishment for contempt, which payment she insists was made under duress. Pursuant to order of the Probate Court, the plaintiff had made certain expenditures from said sum for the benefit of the minor.

594

Upon decision in the Court of Appeals, Lillian Jones applied for restitution to her of the funds remaining. This was denied; a restraining order, however, issued, forbidding the further expenditure of funds until a determination in the instant proceedings. An appeal from the refusal to direct restitution was denied by the Court of Appeals.

This cause seeks a construction of the instrument in which the alleged trust was created and a determination as to the party entitled to the fund. An answer having been filed by the defendant to the amended complaint, the cause is before the Court upon a motion for a summary judgment.

It is obvious, from the terms used in the designation of the beneficiary, that Hogan Dunlap intended that the proceeds of the insurance policy should be used by or for the benefit of his daughter. It seems quite clear that the primary purpose of naming Lillian Jones in said instrument was to enable some one sui juris to execute a receipt and release to the insurer, without which his daughter, if then a minor, could not obtain the money. No duties on the part of the trustee, other than to execute such receipt, are expressed in the instrument. This is a clear instance of a dry or passive trust, under which the title passes immediately to the beneficiary. 26 R.C.L. 1171; Annotation 97 A.L.R. 729. Upon her appointment as guardian of the minor, the plaintiff became entitled to the possession of all property of said minor. That such fund should be expended by the guardian for the benefit of the minor, under the direction of the Court, and protected by the guardian's bond, admits of little question. And this is the more clearly emphasized by the contention made by Lillian Jones, in her answer to the amended complaint, that she "is advised that she is not a trustee of any sort, but is otherwise entitled to the said money"; and further that it was the intention of Hogan Dunlap that "the money was to be paid absolutely to Lillian Jones, leaving it to her moral responsibility to expend it for the said Sarah E. Dunlap; that his intention was to create obligations, legal as to the company, and moral as to the defendant, Lillian Jones; and that he did not intend to create a status (of trustee) in Lillian Jones."

The conclusion reached is that the fund in question is the property of the minor and should be administered by the guardian. Judgment will be entered accordingly.