## JONES v. DUNLAP.
### No. 8004.

United States Court of Appeals for the District of Columbia.

Decided June 8, 1942.

Mr. B. T. Sanders, of Washington, D. C., for appellant.

Mr. John H. Wilson, of Washington, D. C., entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

Mary F. Dunlap, guardian of Sarah E. Dunlap, brought this action to establish her right to certain insurance monies for the benefit of her ward as against the adverse claims of Lillian Jones, a "trustee". The District Court entered judgment in plaintiff's favor. We had set aside a judgment to the same effect in the Probate Court because of lack of jurisdiction. 73 App.D.C. 59, 115 F.2d 689.

Hogan Dunlap, the deceased, had a policy of life insurance. His first wife was the original beneficiary. After her death he executed a new designation of beneficiary as, "my daughter, Sarah E. Dunlap, unless she should be at the time of payment under 21 years of age, in which event it shall be payable in trust for my said beneficiary to Lillian Jones * * * whose receipt and release shall constitute a full discharge of all liability." Dunlap later married plaintiff, who has been appointed guardian of his daughter, Sarah.

It is clear that the deceased intended the insurance money to go to his daughter. There are no significant duties for Lillian Jones to perform. Thus there is no reason for her to handle the money for the daughter. There is no ground for her present claim that she is entitled to the money for herself. On the other hand, it is clear that the fund is the property of the daughter, Sarah, and should be administered by the guardian. Justice Morris, of the District Court, wrote a lucid opinion. 38 F.Supp. 593. We see no occasion to add to it.

Affirmed.