**BETKER v. NALLEY et al.**

No. 8577.

United States Court of Appeals
District of Columbia

Decided Jan. 24, 1944.

Mr. George C. Gertman, of Washington, D. C., for appellant.

Mr. Milton Kaplan, of Washington, D. C., for appellee Alfred W. Nalley.

Mr. James A. Crooks, of Washington, D. C., entered an appearance and was on the brief for appellee George Rose.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Mary Catherine Nalley, a widow, in June, 1930, executed a deed in trust conveying to trustees two parcels of land in Washington, D. C., upon trusts therein declared as follows: "(a) For the use and benefit of the party of the first part during her lifetime, she to receive the entire net income therefrom. (b) To convey the said property *or any part thereof, or any less estate, by absolute deed or by mortgage,* as the party of the first part may direct, such direction to be evidenced by her joining in the conveyance and signing and acknowledging the same. (c) Upon the death of the party of the first part, unless it be otherwise disposed of in fee as provided above by paragraph lettered (b), to convey the aforesaid parcel (1) in fee simple and absolutely to Elsie Marie Nalley, daughter of the party of the first part, *subject to any encumbrance that may be placed upon said property by the party of the first part.* (d) Upon the death of the party of the first part, *unless it be otherwise disposed of in fee* as provided above by paragraph lettered (b), to sell the aforesaid parcel (2), * * * and after paying all of the expenses in connection with such sale, * * * to divide the same equally between the following named children of the party of the first part, viz, Charles Nalley, Henry Nalley, Elizabeth A. Smith, Alfred W. Nalley, Philip Nalley Bernard Nalley and Louis Nalley; * * *" [Italics supplied] On Febru-

ary 6, 1934, Mrs. Nalley and the trustees executed a second deed in trust conveying to George Rose, trustee, the same two parcels of land, described in the earlier deed, upon trusts therein declared as follows: "(a) For the use and benefit of Mary Catherine Nalley, one of the parties of the first part, during her lifetime, she to receive the entire net income therefrom. (b) To convey the said property or any part thereof, or any less estate, by absolute deed or by mortgage, as Mary Catherine Nalley, one of the parties of the first part may direct, such direction to be evidenced by her joining in the conveyance and signing and acknowledging the same. (c) Upon the death of Mary Catherine Nalley, one of the parties of the first part, unless it be otherwise disposed of in fee as provided above by paragraph lettered (b), to dispose of said parcels (1) and (2) aforesaid, as she, Mary Catherine Nalley, one of the parties of the first part, may by will direct, upon such terms and according to such provisions as are in said will named and set forth." On February 23, 1934, Mrs. Nalley made a will, in which she directed her executor to sell the two parcels of land and divide the proceeds among her eight children and the children of a deceased son. She died on July 19, 1941. Thereafter, her will having been admitted to probate, appellant, one of Mrs. Nalley's children, filed her complaint in the present case praying judgment that the second deed in trust be declared void; that no title to parcel (1) vested in the trustee, Rose, under the second deed in trust, or in Alfred W. Nalley, trustee and executor under the will of Mrs. Nalley; that Alfred W. Nalley, as surviving trustee under the first deed in trust, be directed to convey to appellant, in fee simple, the legal title to parcel (1). Several issues of fact, presented for determination in the District Court, were determined adversely to appellant in the following findings: "The Court finds as facts that there was no evidence in any manner sustaining the following charges: (1) That the decedent, Mary C. Nalley, was on February 6, 1934 or on February 23, 1934 feeble mentally and physically and very easily influenced; (2) that the decedent never voluntarily executed the

deed dated February 6, 1934 or the will dated February 23, 1934; (3) that at the time of the execution of these documents the decedent was under the domination and control of the defendant, Alfred W. Nalley; (4) that the decedent did not comprehend or understand the nature of the transactions, and the Court finds as facts that on February 6, 1934 and on February 23, 1934 the decedent was of sound and disposing mind, and that the Deed in Trust of February 6, 1934 and the Will of February 23, 1934 were duly executed by the decedent free of any coersion, [sic] fraud or dominating or undue influences. And the Court finds as a fact that there was no agreement whereby the decedent agreed to devise or convey premises 531 9th Street, S. E., to plaintiff in consideration for the alleged services rendered by the plaintiff to her; and that the Deed in Trust of June 16, 1930 was not executed in consideration of the same." This appeal followed a judgment dismissing appellant's complaint. No issue is now presented concerning the contentions disposed of by the foregoing findings.

It remains to determine the legal effect of the first deed in trust. Appellant's case depends upon the contention that the deed divested Mrs. Nalley of title and vested it in fee in her trustees; that appellant thereupon acquired equitable ownership of parcel (1), which ripened into an absolute and indefeasible ownership upon her mother's death. Appellees contend, first, that the deed was ineffective to create a valid trust; second, assuming a valid trust, nevertheless, the deed contained a reservation of power to revoke, which was exercised by the execution of the second deed, thus cutting off appellant's equitable interest and putting her upon the same footing as the other children under the will.

■ It is significant that no duty is specified, in the deed of June, 1930, to be performed by the trustees during the lifetime of the grantor, except to *hold* the two parcels.[1] Moreover, this holding was to be for her use and benefit. The record shows that Mrs. Nalley occupied the residence located on parcel (1) as a home continuously until her death. Presumably,

---

[1] See 1 Bogert, Trusts and Trustees, (1935) § 206; Jones v. Dunlap, 76 U.S. App. D.C. 422, 128 F.2d 763; Carpenter v. Carpenter's Trustee, 119 Ky. 582, 586, 84 S.W. 737, 738, 68 L.R.A. 637, 115 Am. St.Rep. 275; Dixon v. Dixon, 123 Me. 470, 124 A. 198; Fisher v. Fisher, 203 Mo. App. 45, 56, 217 S.W. 845, 849. Cf. Keck v. McKinstry, 206 Iowa 1121, 1128, 221 N.W. 851, 855.

there was no duty to be performed by the trustees in connection with its management or control. In fact, the only suggestion of such a duty which can be found in the deed appears in the language of paragraph (a): "* * * she to receive the entire net income therefrom." This suggests the possibility that the trustees were to manage parcel (2), collect the rents and distribute the net income therefrom to the grantor. But even this possibility is not supported by the other provisions of the deed. It is apparent that Mrs. Nalley intended to retain management and control of the property as well as power to alienate it.[2] She reserved power (1) to encumber it;[3] (2) to direct the conveyance of the whole property or any part thereof, or any less estate therein, without any power in her trustees to refuse to act upon her direction or to prevent, limit or control her direction; (3) to join in any such conveyance by signing and acknowledging the same. Her trustees were, in fact, mere agents with very limited powers.[4]

The only thing the grantor parted with irrevocably was the remainder of the trust property, if there should be any remainder after her death; and the only possibility that any discretion or power might have to be exercised by her trustees after her death arose from the possibility that she might elect not to dispose of the entire trust property before her death. Even in that event they were to be mere channels through which title would flow for the purpose of distribution.[5] It seems obvious, therefore, that the deed of June, 1930, was ineffective to create a trust. Instead, it was, and was intended to be, merely testamentary in character.[6] In fact, appellant suggests as much in her supplementary memorandum: "This primary object, gleaned from the trust-deed itself, was to guard against Elsie's becoming homeless *after she was gone*. And inasmuch as she was favoring Elsie over the rest of her children, she did not propose that Elsie's future welfare should be exposed to the danger and risk of a Will. Yet, as she did not intend that the trust-deed should stand in her way *(any more than would a Will)* in case contingencies arose necessitating the lease, sale or mortgage of the home, she provided for the happening of these contingencies by reserving unto herself a power to direct a lease, mortgage or sale by absolute deed of the trust estate." [Italics supplied] It is not necessary for us to determine what effect this obvious testamentary purpose might have had if the deed had been otherwise drawn, for example, if it had vested substantial powers in the trustees and restricted the grantor's powers of management and disposition.[7]

But, even assuming a valid trust, Mrs. Nalley reserved, in the deed which created it, power to dispose of the property and thus cut off any right, title, or interest of appellant therein. Appellant concedes, as of course she must, that Mrs. Nalley had power to convey the property by absolute deed or mortgage. If she had done

---

[2] See Dixon v. Dixon, 123 Me. 470, 472, 124 A. 198, 199: "* * * a passive trust gives to the cestui que trust a right to the possession, control, and disposal of the property, and the legal estate becomes executed in him unless it is necessary to remain in the trustee, to preserve the estate for the cestui que trust, or to pass it to others."

[3] "(c) * * * subject to *any encumbrance* that may be placed upon said property *by the party of the first part*." [Italics supplied]

[4] Union Trust Co. v. Hawkins, Ohio App., 161 N.E. 548, 549; Id., 121 Ohio St. 159, 167 N.E. 389, 73 A.L.R. 190; Warsco v. Oshkosh Sav. & Tr. Co., 183 Wis. 156, 160, 161, 196 N.W. 829, 830: "If the donor has full control and dominion over the trust property, so that according to the terms of the trust he can use it as and when he pleases, the trustee becomes his mere agent to hold title to the property, invest, sell, and collect income for him, and pay as he directs. The donor has parted with no dominion over his property nor any part thereof by the terms of the trust, and such an agreement is no valid trust agreement." See 1 Scott, Trusts (1939) § 8; Restatement, Trusts (1935) § 8; 1 Bogert, Trusts and Trustees (1935) § 15; Note, 3 A.L.R. 902, 912.

[5] Jones v. Dunlap, 76 U.S.App.D.C. 422, 128 F.2d 763; McGoon v. Scales, 76 U.S. 23, 28, 9 Wall. 23, 28, 19 L.Ed. 545. See Flanagan v. Olderog, 118 Neb. 745, 748, 226 N.W. 316, 317; Fisher v. Fisher, 203 Mo.App. 45, 55, 217 S.W. 845, 848.

[6] See 1 Bogert, Trusts and Trustees (1935) §§ 103, 104, pp. 335 et seq.; McEvoy v. Boston Five Cents Sav. Bank, 201 Mass. 50, 87 N.E. 465; Russell v. Webster, 213 Mass. 491, 100 N.E. 637; Warsco v. Oshkosh Sav. & Tr. Co., 183 Wis. 156, 196 N.W. 829.

[7] See Leaphart, The Trust as a Substitute for a Will, 78 U. of Pa.L.Rev. 626, 632.

so appellant's rights would have been cut off. She says, however, that Mrs. Nalley did not exercise the power which *was* reserved to her and that she was *without* power to execute either the second deed or the will. To support this contention appellant relies upon the words of paragraph (b) which are italicized in the following excerpt: "To convey the said property or any part thereof, or any less estate, by *absolute deed or by mortgage,* as the party of the first part may direct * * *." [Italics supplied] In other words, the contention is that although Mrs. Nalley was empowered completely to divest herself of *all* title and interest in the property by absolute deed, or encumber it for its full value secured by a mortgage, she was limited, by the language of the deed in trust executed in June, 1930, to those two methods of conveyance or alienation. While there is a certain element of ambiguity in the quoted language, it cannot reasonably be resolved as appellant would do. There would be little reason for a grantor to reserve full and unlimited power to alienate by absolute deed and at the same time to deny herself power to do so by deed in trust. Moreover, the specification of power to convey a less estate is inconsistent with appellant's proposed interpretation. Conveyance of a leasehold or of other lesser estates such as those involved in conditional sales, or of easements, does not, customarily, call for the use of absolute deeds. Moreover, the coupling, in the specification, of power to mortgage, with power to execute absolute deeds suggests a contrary interpretation. Again, in paragraph (c) the interest of Elsie Marie Nalley—if any such interest should survive the death of her mother—was to be subjected to *any encumbrance* which might be placed upon the property by Mrs. Nalley. While the specification in paragraph (b) suffers from ambiguity and tautology, therefore, it seems apparent nevertheless that the italicized words were intended to enlarge rather than to limit the power reserved by the grantor. In this connection, it may be noted that if appellant's interpretation of paragraph (b) were accepted the result would be such equivocality and uncertainty of meaning concerning the powers granted to the trustees and reserved to the grantor, as to void the purported trust for that reason.[8]

It is not necessary, as appellant suggests, to go outside the instrument to determine its meaning or the intention of the grantor, even though the situation may be one in which consideration of such evidence would be proper, if it were necessary.[9] But, if the evidence of accompanying and subsequent circumstances is considered, it fortifies the conclusion which we have reached. Mrs. Nalley clearly indicated her interpretation of the earlier deed by execution of the later one and of the will.

Affirmed.

---

[8] Tschiffely v. Tschiffely, 70 App.D.C. 386, 107 F.2d 191; Dahlgren v. Dahlgren, 55 App.D.C. 52, 56, 1 F.2d 755, 759; Trunkey v. Van Sant, 176 N.Y. 535, 68 N.E. 946; Bliss v. Bliss, 20 Idaho 467, 476, 119 P. 451, 454.

[9] Ellery v. Washington Loan & Trust Co., 72 App.D.C. 293, 113 F.2d 525; Blake v. Hawkins, 98 U.S. 315, 25 L.Ed. 139; Adams v. Cowen, 177 U.S. 471, 20 S.Ct. 668, 44 L.Ed. 851.