In re Estate of Augusta Burdin, Deceased.
Lillian Dibos et al., Appellants, v. Walter Burdin and
Leo Burdin, Appellees.

Gen. No. 38,156.

Opinion
filed November 20, 1935.

EMANUEL MORRIS and MORRIS J. DREZNER, both of Chicago, for appellants; EMANUEL MORRIS, of counsel.

FRANK F. TOLLKUEHN and HAROLD F. TOLLKUEHN, both of Chicago, for appellees; HAROLD F. TOLLKUEHN and AMBROSE P. FINN, JR., of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal asking to set aside the order of the circuit court because of its construction of items 2 and 3 of the will of Augusta Burdin, deceased. The paragraphs of the will are designated therein as "items" and we shall hereafter refer to them as such. The two items of said will which are the subject of this controversy, read as follows:

"ITEM Two: I do give, devise and bequeath unto my beloved grandchildren, Lillian Dibos, age twenty-two years, Amanda Deinhardt, age twenty years, and Ruth Dibos, age four years, the sum of Five Hundred ($500.00) Dollars each, and unto my beloved daughter, Lena Dibos, the sum of One Thousand ($1,000) Dollars.

"ITEM THREE: I hereby give, devise and bequeath unto my beloved children, Lena Dibos, Oscar Burdin, Walter Burdin, and Leo Burdin, share and share alike, all the estate, real, personal and mixed, and property of all kinds whatsoever and wheresoever situated, of which I may die seized or possessed, or to which I may be entitled in possession, remainder, reversion or otherwise at the time of my death, remaining after the payment of my said debts and funeral expenses, in fee simple, their heirs and assigns forever. . . ."

The probate court held item 2 to be valid and ordered distribution under that item and prior to item 3. In this respect the circuit court reversed the order of

the probate court, wherein it was held that items 2 and 3 were both valid.

The only question to be decided in this case is whether item 2 of the will is valid and enforceable.

It appears from a reading of item 2 that the testatrix gave to her three grandchildren special bequests of $500 each and to her daughter, Lena Dibos, the sum of $1,000. In item 3 the testatrix gave to her four children, Lena Dibos, Oscar Burdin, Walter Burdin and Leo Burdin, share and share alike, all the estate, real, personal and mixed and property of all kinds whatsoever and wheresoever situated that she might be possessed of at the time of her death.

Every word, clause or sentence in a will is presumed to have a meaning and purpose, and in construing a will all the provisions of the will should assist us so as to give full force and effect to the language employed therein.

In *Levings v. Wood,* 339 Ill. 11, the court at page 15, said:

". . . there must be borne in mind the rule that all the clauses and words of the will should, if possible, be construed as intended to have some meaning and to have been used for some purpose and should be given effect in arriving at the intention of the testator. . . . 'None can be arbitrarily rejected as meaningless or surplusage.' "

In *Dickison v. Dickison,* 138 Ill. 541, at page 545, the court said:

"The rule is well established in this State, as elsewhere, that when the clauses of a will are irreconcilable and the repugnance invincible, the later clause will generally prevail."

Counsel for Lillian Dibos and the other beneficiaries under item 2, contends that the rule is that a specific bequest takes precedence over a general bequest and

for that reason item 2 should prevail over item 3. To this contention counsel for the beneficiaries under item 3 reply and say that all the property which the deceased owned was conveyed without reservation by item 3.

The general rule in the construction of wills is that the intention of the testator must be determined from the four corners of the will itself, by reading the language thereof, and that every word, clause or sentence in the will is presumed to have vitality, force and meaning and should be used to sustain said will when the same can be done by giving full force and meaning to the language employed therein.

In reading the clauses of this will—items 2 and 3— it will be found that they are diametrically opposed to each other. The first bequest provides for the payment to her daughter and grandchildren of an aggregate sum of $2,500, being $1,000 to Lena Dibos and $500 to each of her three grandchildren, Lillian Dibos, Amanda Deinhardt and Ruth Dibos. The third item of the will provides that all of her property, real, personal and mixed and property of all kinds whatsoever and wheresoever situated that she has at the time of her death shall be given to her children, Lena Dibos, Oscar Burdin, Walter Burdin and Leo Burdin, share and share alike. No reference is made in said item 3 to item 2. It does not purport to convey as a remainder or residue, but as an unqualified conveyance of everything she possesses which remains "after the payment of my said debts and funeral expenses, in fee simple, their heirs and assigns forever. . . ."

In the case of *Harris v. Ferguy,* 207 Ill. 534, at page 539, the court in considering two irreconcilable clauses in a will, said:

". . . as the rule is well established that if there be such repugnancy between two clauses of a will that the one or the other must fall, the later clause, being

regarded as the last expression of the testatrix, must prevail.''

In the instant case there are two plain provisions of a will where, without ambiguity or equivocation, testator bequeathed and devised to different parties the same property. The familiar rule is that all provisions of a will should be upheld wherever possible to uphold it, yet where two clauses of a will are repugnant to each other, so that both of them cannot stand, then another rule of construction must be invoked and that is the rule of construction applied to written documents, that the last of two repugnant clauses must prevail as expressing the ultimate intent of the maker of the document.

For the reasons expressed in this opinion the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.