## JONES v. DUNLAP.

### No. 7579.

United States Court of Appeals for the District of Columbia.

Argued Oct. 7, 1940.

Decided Nov. 4, 1940.

Brooks T. Sanders, of Washington, D. C., for appellant.

John H. Wilson, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from an order of the District Court, sitting as a Probate Court, directing appellant to turn over $800 to appellee as guardian of a minor.

The minor's parents are dead, and appellee is her stepmother. Appellee originally filed a petition, to which appellant consented, asking that appellant be appointed guardian. That petition alleged that the minor was "entitled to the proceeds of a fund of $800 in the hands" of appellant. Appellee afterwards filed an amended petition asking that she, instead of appellant, be appointed guardian, and alleging that there were in the hands of appellant "funds belonging to the minor" amounting to $800. Appellee was appointed. Appellant was ordered to show cause why she should not pay over "the funds belonging to said minor" in the sum of $800. Appellant answered that she held the money as trustee for the minor under "an active executory trust" created by a written instrument; that as such trustee she had an interest in the fund; that she had spent $25 for necessary counsel fees; and that the Probate Court had no jurisdiction to construe the trust. The court examined the trust instrument, construed the trust as "passive" or "dry," ruled that it was executed by the Statute of Uses,[1] concluded that appellant was a mere custodian of the minor's funds, and ordered her to pay to appellee the entire $800. This appeal is from that order.

The Probate Court may appoint a guardian for an infant,[2] order "the real and personal estate of the ward to be delivered into his possession,"[3] and compel him to account.[4] It may not, "under pretext of incidental power, or constructive authority, exercise any jurisdiction whatever not expressly given * * *."[5] Like its predecessor the Orphans' Court, it has no jurisdiction to decide a dispute regarding the title or the right of possession of personal property.[6] Appellant has never admitted,[7] and now denies, the right of the minor or of the guardian to possession of the fund. We think it follows that the Probate Court had no jurisdiction to determine who was entitled to possession. We express no opinion as to the nature of the trust, or the right of appellee to recover the money in an appropriate suit.

Reversed.

---

[1] D.C.Code, Tit. 25, § 481.

[2] D.C.Code,Tit. 15, § 38; Tit. 18, § 124.

[3] Tit. 15, § 53.

[4] Tit. 18, § 124.

[5] Tit. 18, § 132.

[6] Cook v. Speare, 13 App.D.C. 446; Richardson v. Daggett, 24 App.D.C. 440; Miniggio v. Hutchins, 43 App.D.C. 117. In the Cook case, as here, the dispute concerned money in the hands of a trustee who claimed an interest in the fund.

[7] Her "consent" to the original petition was, we think, consistent with her claim to hold the fund as trustee of an active trust.