## HOLZBEIERLEIN v. GRANT et al.
### No. 7629.

United States Court of Appeals for the District of Columbia.

Decided Jan. 6, 1941.

Vincent L. Toomey, of Washington, D. C., for appellant.

Harry A. Grant, of Washington, D. C., for appellees.

Before STEPHENS, EDGERTON, and VINSON, Associate Justices.

VINSON, Associate Justice.

Michael M. Holzbeierlein died testate. The appellant, after renouncing her interest under the will and electing to take as his widow under the statutes, filed a petition seeking delivery of certain securities which are now held by the executors of the will. The District Court, sitting in Probate, dismissed the petition.

A reading of the petition filed in the Probate Court leaves doubt in regard to the theory upon which appellant claims the securities. Considering the petition as a whole and the first prayer for relief, however, it can be determined that she is not claiming this personal property as a distributee under the statutes.

In her brief, appellant claims the ownership of these securities under a written contract.[1] As a result they would not be distributed as a part of the estate. The relief requested is in the nature of specific performance.

 Although appellant will be a distributee under the statutes, for the purposes of this action she is in the position of a third party claiming ownership, as against the estate, of these securities held by the executors. The Probate Court is a tribunal of limited jurisdiction. Jurisdiction to settle ownership of property has not been given.[2]

Affirmed.

---

[1] The contract provision relied upon is paragraph 9 of a compromise agreement entered into with her husband. "All stocks, bonds, notes and mortgages of said Michael M. Holzbeierlein shall be immediately deposited with Harry A. Grant and Vincent L. Toomey as Trustees, to be held by said Trustees, until death of said Michael M. Holzbeierlein, at which time they shall be delivered to the duly authorized executors or administrators of said Michael M. Holzbeierlein, to be divided according to law."

[2] D.C.Code, Tit. 18, §§ 124, 132; Jones v. Dunlap, App.D.C., 115 F.2d 689 (decided November 4, 1940), and cases cited. See also D.C.Code, Tit. 29, c. 8, § 191 et seq.