## In re DUNLAP'S GUARDIANSHIP.
### No. 9268.

District Court of the United States for the District of Columbia.

Jan. 22, 1941.

John H. Wilson, of Washington, D. C., for guardian.

Brooks T. Sanders, of Washington, D. C., for respondent.

LAWS, Justice.

Motion has been filed for two purposes: First, for an order requiring the guardian to stay expenditure of certain funds in her care and second, for a rehearing on a motion for judgment on the mandate of the United States Court of Appeals. (Said motion having been decided to be over-

ruled upon submission to me on January 2, 1941, while presiding Motions Division.)

■ The second motion, that is, the motion for rehearing is properly before me. The first motion, being submitted for the first time after termination of my assignment to the Motions Division, should be submitted in regular course to the Justice now presiding in the Motions Division of this Court.

■ The ruling with respect to which a rehearing is sought by the aforesaid second motion involved no ruling as to the authority of the guardian to expend any part of the fund in litigation. The extent of the ruling was that the custody of the fund should not be disturbed and that the guardian must bear the burden of litigation over the conflicting claims as to the right to administer the fund in behalf of the minor. This was done in order to save useless expense to the admitted beneficiary of the fund, a minor. The Court must protect the infant. If it now granted respondent custody of the fund, it appears a bond would have to be required of her, at expense to the infant's estate, whereas the guardian who now holds the fund already is under adequate bond. After litigation over the right to handle the fund is terminated, respondent may be entitled to administer the fund in question. If so, this right and any appropriate emoluments will be accorded her; if not, the fund will remain where it is. The only rights which the respondent possibly may now have are: First, the determination of her asserted privilege to administer the fund, and second, to have the opposing claimant to the privilege of administering the fund bear the burden of proving such right. My prior ruling preserves both of these possible rights. There is no vested right to custody of the fund during litigation. Since the present custody is adequately protected and since a change of custody would be an expense to the infant beneficiary, I exercised what to me seems a sound discretion in preserving the present custody of the fund and at the same time requiring the guardian to bring suit and thus bear the burden of asserting her claim to the fund.

I have considered all the papers submitted to me in connection with the motion for rehearing and feel nothing in them indicates necessity for rehearing or reversal of my prior ruling. However, upon examination of the form of order entered herein the 6th day of January, 1941, it appears it should be supplemented by a further order, in accordance with the mandate of the United States Court of Appeals for the District of Columbia, 115 F.2d 689, so as to vacate the order of December 8, 1939; and further, that Lillian Jones, respondent, recover of Mary F. Dunlap, guardian, her costs on appeal.

Motion for rehearing will be denied. Motion to stay expenditure of funds is certified to Motions Clerk for appropriate disposition in due course. Supplementary order in accordance with mandate as aforesaid will be signed on presentation.