## OVERHOLSER v. GORDON.

### No. 10238.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 7, 1950.

Decided Jan. 25, 1951.

Mr. Joseph A. Sommer, Asst. U. S. Atty., Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Ross O'Donoghue and Joseph M. Howard, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellant. Mr. L. Clark Ewing, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellant.

Mr. I. Irwin Bolotin, Washington, D. C., for appellee.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court sitting as a Probate Court directing the Superintendent of Saint Elizabeths Hospital to pay $3,817 to the administrator of the estate of a deceased patient, for the sole purpose of paying a claim of the District of Columbia to recover money the District had paid the Hospital for the patient's support. The Superintendent had received the amount in suit from the Veteran's Administration as a pension to which the patient was entitled, and had held it in the patient's pension account.

A statute requires the hospital to apply the unexpended balance of a deceased patient's pension money "to the general uses of said hospital". 35 Stat. 593, 24 U.S.C.A. § 165. Moreover, the United States has not consented to be sued. But we need not consider those points, for the Probate Court "has no jurisdiction to decide a dispute regarding the title or the right of possession of personal property." Jones v. Dunlap, 73 App.D.C. 59, 115 F.2d 689. Holzbeierlein v. Grant, 73 App.D.C. 154, 117 F.2d 26. The judgment must therefore be reversed for want of jurisdiction.

Reversed.