Byron L. **CARPENTER**, Appellant,

v.

Al. **Philip KANE**, Committee of the person and estate of Thomas De Vol Lawrence, Patient, Appellee.

No. 13981.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 25, 1957.

Decided Dec. 26, 1957.

Mr. Alton S. Bradford, Washington, D. C., for appellant.

Mr. Al. Philip Kane, Washington, D. C., for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

## PER CURIAM.

On June 9, 1955, appellant Carpenter filed a petition for appointment of a conservator for Thomas De Vol Lawrence. He suggested appointment of the attorney who filed the petition. However, after intermediate proceedings, the court appointed appellee Kane as conservator. Nearly two years later, on March 7, 1957, the conservator filed a motion to require Carpenter to turn over to him certain funds allegedly belonging to Lawrence. This motion was not served on Carpenter personally, he being a non-resident. Service was attempted to be made on the attorney who filed the original petition but who had thereafter no further connection with the proceedings. Although both Carpenter and the attorney denied the jurisdiction of the court, the District Court entered an order directing Carpenter to turn over and pay to the conservator the funds in question. There was no trial or taking of testimony, and no evidence was offered to show the authority of the attorney for Carpenter to accept service of the motion. Carpenter appeals.

Assuming *arguendo* that the District Court had the right to dispose of the conservator's claim in the conservatorship proceedings rather than in a separate action,[1] in no event can it be held that the court had jurisdiction, in the absence of service of process, to enter the order complained of. The purpose of the petition for the appointment of the conservator having been accomplished, that petition cannot have the effect of keeping Carpenter before the court for a purpose such as the

---

[1] Cf. Jones v. Dunlap, 1940, 73 App.D.C. 59, 115 F.2d 689, where we held that the Probate Court has no jurisdiction to decide a dispute regarding title or the right to possession of personalty. It is probable that the court appointing a conservator would have no jurisdiction *in the conservatorship proceeding* to determine on affidavits a claim of title by the conservator where such claim is disputed by the party against whom it is asserted. We need not, however, pitch our decision in this case on that point.

present,[2] and depriving him of the right to be served with process, to have a trial by jury and to present evidence in his behalf. We cannot conclude that, simply because Carpenter filed the petition for appointment of conservator, he should be treated differently from any other person against whom a claim is presented.

Reversed.

2. We need not pass on other possible controversies which arguably might justify relief against Carpenter in the conservatorship proceedings. We are deal-

ing only with a claim against him for funds allegedly belonging to the person under protection.