**Virginia L. C. LIPSCOMB, Appellant,**

v.

**Samuel Ross LIPSCOMB and George M. Foster, Executors, Estate of William H. Lipscomb, Deceased, Appellees.**

**No. 14675.**

United States Court of Appeals District of Columbia Circuit.

Argued March 5, 1959.

Decided April 2, 1959.

Petition for Rehearing Denied April 29, 1959.

Mr. Laidler B. Mackall, Washington, D. C., with whom Mr. Karl E. Bakke, Washington, D. C., was on the brief, for appellant.

Mr. Louis H. Mann, Washington, D. C., with whom Mr. James C. Wilkes, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, FAHY, and WASHINGTON, Circuit Judges.

PER CURIAM.

Appellees petitioned for probate of a will which named them as executors. They alleged that the testator was domiciled in the District of Columbia and that his widow, the present appellant, had entered into a written agreement renouncing all rights to his estate. The widow's answer alleged that the testator was domiciled in Virginia, denied that she had entered into a *valid* written agreement renouncing her rights in the estate, and asked for a jury trial of the issue of domicile.

Without either deciding the question of domicile or referring it to a jury, the District Court found that appellant had "by written agreement * * * renounced" all rights in her husband's estate; dismissed her answer; and admitted the will to probate. The court afterwards said: "Until there has been an adjudication of the invalidity of this agreement under which she waived and released all her rights in the decedent's estate she has no right to share in the decedent's estate, and if she has no right to share in the decedent's estate she has no standing to raise the question of domicile and your mere allegation of the invalidity of the agreement does not establish a right."

We think this puts the cart before the horse. Unless the testator was domiciled here, the District Court had no jurisdiction to probate the will, determine the validity of its provisions, and determine the validity of a purported agreement renouncing the widow's rights in the estate. The issue of domicile is therefore the first issue to be decided. The testator's widow has stand-

ing to raise it. Her signature on a paper of disputed and undetermined validity does not affect that standing. We think the issue of domicile should have been submitted to a jury. Cf. Shafer v. Children's Hospital, 105 U.S.App.D.C. ——, 265 F.2d 107.

Reversed.