302 F.2d 916
 112 U.S.App.D.C. 331
 Nancy Marie WHITE, personally and as administratrix of the
Estate of Emil Hofmann, deceased, Appellant,
v.
Milford F. SCHWARTZ, Trustee in Bankruptcy of Trans-Lux
Liquors, Inc., et al., Appellees.
 No. 16371.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 17, 1961.
Decided April 20, 1962.
 
 Mr. Rufus King, Washington, D.C., with whom Mr. Downey Rice, Washington, D.C., was on the brief, for appellant.
 Mr. John W. Maher, Washington, D.C., with whom Mr. Warren E. Miller, Washington, D.C., was on the brief, for appellee Schwartz.
 Mr. David B. Nicholson, Washington, D.C., entered an appearance for New Amsterdam Cas. Co.
 Before EDGERTON, BAZELON and BURGER, Circuit Judges.
 EDGERTON, Circuit Judge.
 
 
 1
 Emil Hofmann died in 1945 owning a liquor store. The probate court appointed appellant White as administratrix and allowed her to continue the business for one year. Without a court order and apparently without consideration, White allowed Trans-Lux Liquors, Inc., to take control of the store and operate it. In June 1955 a petition in involuntary bankruptcy was filed against Trans-Lux Liquors, Inc. Its president answered admitting bankruptcy. The liquor store was been sold under an order of the bankruptcy court and the trustee holds the proceeds. Distribution has been stayed pending this appeal.
 
 
 2
 In 1958 Hofmann's widow sued appellant White in the District Court for breach of fiduciary duty in allowing the assets of the Hofmann estate to de dissipated and disbursed. This led to a consent judgment for the plaintiff. Appellant White filed in that suit a third-party complaint against the trustee in bankruptcy and others, for 'the value of the said Trans-Lux Liquors, Inc.' The District Court granted the trustee's motion to dismiss. The administratrix appeals from that order.
 
 
 3
 We think the District Court was right. Appellant cites cases to the effect that a bankruptcy court has no jurisdiction to administer a decedent's estate, or property the bankrupt did not own, or property already the subject of an action in rem in a probate or other court. But such propositions do not govern this case. The bankruptcy court did not undertake to administer Hofmann's estate. And the question here is not whether the bankruptcy court is exercising its jurisdiction correctly, but whether the District Court sitting as a court of general jurisdiction may decide that question for the bankruptcy court; or conversely, whether the bankruptcy court has exclusive jurisdiction to determine its own jurisdiction of a dispute regarding title to property that was in the possession of the bankrupt when the petition in bankruptcy was filed.
 
 
 4
 Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), seems to answer these questions. There the bankrupt and the trustee in bankruptcy, in turn, had possession of right-of-way lands and claimed ownership of oil deposits under the lands. The claim to the oil was disputed. Neither party had physical control of it. The Supreme Court held that the bankrupt's possession of the surface gave the bankruptcy court exclusive jurisdiction to determine title to the oil. The Court said: 'Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy. * * * A court of bankruptcy has an exclusive and non-delegable control over the administration of an estate in its possession.' 309 U.S at 481, 483, 60 S.Ct. at 629, 630.[1] The Supreme Court ruled that the bankruptcy court abused its discretion by not allowing a state court to determine a question of state law, but this does not affect the basic principle.
 
 
 5
 Appellant relies largely on the fact that the probate court had custody of the liquor store before the bankruptcy proceeding began. But it does not follow that the bankruptcy court's determination of title to the store will interfere with the jurisdiction of the probate court. The District of Columbia Code (1961) provides in 11-512 that the 'probate court shall not, under pretext of incidental power, or constructive authority, exercise any jurisdiction whatever not expressly given by this Code * * *.' That court 'has no jurisdiction to decide a dispute regarding the title or the right of possession of personal property.' Jones v. Dunlap, 73 App.D.C. 59, 115 F.2d 689 (1940). Holzbeierlein v. Grant, 73 App.D.C. 154, 117 F.2d 26 (1941); Richardson v. Daggett, 24 App.D.C. 440 (1904); and see Watkins v. Rives, 75 U.S.App.D.C. 109, 125 F.2d 33 (1941). The probate court is the District Court sitting in 'special term' under D.C.Code (1961) 11-501 and the bankruptcy court is the District Court sitting in bankruptcy. Since the same judges sit in probate court, bankruptcy court, and District Court, there is no hardship in being required to proceed in the bankruptcy court.
 
 
 6
 Affirmed.
 
 
 
 [1]
 And see Marian Corp. v. Bray, 235 F.2d 318 (4th Cir. 1956). Cf. Bradley v. St. Louis Terminal Warehouse Co., 189 F.2d 818 (8th Cir. 1951)