**Dorothy Sewall MONTGOMERY, Appellant,**

v.

**NATIONAL SAVINGS AND TRUST COMPANY et al., Appellees.**

**No. 19346.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 10, 1965.

Decided Jan. 6, 1966.

Petition for Rehearing En Banc Denied Feb. 14, 1966.

---

---

Mr. Philip W. Amram, Washington, D. C., with whom Mr. Gilbert Hahn, Jr., Washington, D. C., was on the brief, for appellant.

Mr. John E. Powell, Washington, D. C., with whom Messrs. Arthur P. Drury, John M. Lynham and Henry H. Paige, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, Senior Circuit Judge, FAHY and MCGOWAN, Circuit Judges.

EDGERTON, *Senior Circuit Judge:*

Charlotte Isherwood, a United States citizen who died domiciled in Italy, left an "Italian will" disposing of some $20,-000 worth of personal property in Italy and an "American will" disposing of stocks, bonds and cash, all located in the District of Columbia, worth about $530,-000. The American will named the present appellees, residents of the District of Columbia, as executors. Appellee Trust Company, to which the decedent entrusted her American will, also had custody of her American property under a long-standing agency agreement.

The decedent's sole heir and next of kin opposed, and now appeals from, an order admitting the American will to probate. We affirm the order. The District of Columbia is clearly the most convenient place for probate of the will and administration of the estate. Apparently it is the only place in the United States, if not in the world, where probate is possible.

"The state in which testator's property is situated has jurisdiction over the property, and it has the power to grant original probate: that is, it may hear and determine the question of the validity of testator's will, without waiting for the courts of testator's domicile to pass upon such question.[1] * * * If testator has executed separate wills for his property in different states, the state in which he is not domiciled may admit to probate the will which disposes of property in that state, although it has not been probated in the state of testator's domicile." 3 PAGE ON WILLS § 26.15 (1961).

"On general principles, the Probate Court, as a term of the local District Court, has territorial power to grant probate of the will of a non-resident. * * Probate of wills of non-residents has in fact from time to time been granted." 2 MERSCH, PROBATE COURT PRACTICE IN THE DISTRICT OF COLUMBIA § 1842 (1952). According to 1962 Pocket Parts which

---

1. *Cf.* RESTATEMENT, CONFLICT OF LAWS § 469, Comment c. (1934).

**808**

John L. Garvey has added to Mersch's work, "The current practice of the probate court is to refuse to grant probate to the wills of non-domiciliaries. Support for this position can be found in the dicta" in Lipscomb v. Lipscomb, 105 U.S. App.D.C. 240, 265 F.2d 822 (1959). In *Lipscomb* we said "Unless the testator was domiciled here, the District Court had no jurisdiction to probate the will * * *." But whether this statement is dictum or decision, *Lipscomb* is distinguishable on several grounds. The *Lipscomb* opinion does not indicate that all the decedent's property in this country was located in the District of Columbia, or that there was any good reason for probating the will elsewhere than at the testator's domicile. And as the Probate Court has pointed out, (1) in the present case, unlike *Lipscomb*, there are two separate and independent wills, one of which has been filed at the domicile of the decedent; (2) the question here is not, as it was in *Lipscomb*, between the District of Columbia and an American state, but between the District of Columbia and a foreign country; and (3) appellant does not suggest that the American will could be probated in Italy or elsewhere, but only that it should not be probated here, "an indirect attack on the will itself."

Appellant relies on § 11–512 of the District of Columbia Code, 1961 ed., which provided "The probate court shall not, under pretext of incidental power, or constructive authority, exercise any jurisdiction whatever not expressly given by this Code * * *." Even if this language were still in effect, it would not conclude the question before us. *Cf.* Pascucci v. Alsop, 79 U.S.App.D.C. 354, 147 F.2d 880, cert. denied, 325 U.S. 868, 65 S.Ct. 1406, 89 L.Ed. 1987 (1945). But on December 23, 1963, when Congress enacted a revised Part II of the District of Columbia Code, it omitted § 11–512 and did not include anywhere in the Code any language similar to that on which appellant relies. 77 STAT. 478, 482; D.C.CODE (Supp. IV 1965) § 11–522 and Revision Notes on § 16–3107.

Affirmed.