Lydia ANDERSON, Appellant,

v.

Bobbie C. PINKETT, Administratrix of the Estate of John R. Pinkett, Jr., Deceased.

No. 23977.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 17, 1970.

Decided Jan. 20, 1971.

Mr. DeLong Harris, Washington, D. C., for appellant.

Mr. David Huddle, Washington, D. C., for appellee.

Before McGOWAN and TAMM, Circuit Judges, and SMITH *, Chief District Judge for the District of Montana.

PER CURIAM:

This appeal is from the dismissal of a complaint by the District Court on the grounds of collateral estoppel and, alternatively, *res judicata*. Appellant by that complaint sought to establish a resulting trust in respect of a sum of money held by appellee as administratrix of her husband's estate.

In an earlier proceeding with the District Court sitting in probate, appellee had filed a petition asking approval of the transfer of the money to appellant as the rightful owner thereof. The petition alleged that the money had come to the estate by reason of the fact that the decedent was the straw owner of certain race horses which in fact belonged to appellant. Objections were filed by creditors of the estate to this transfer, raising a preliminary issue as to the jurisdiction of the probate court to try title to personal property. The District Court disallowed the jurisdictional objection upon the authority of Price v. William, 129 U.S.App.D.C. 239, 393 F. 2d 348 (1968); and went on to rule that there was no credible evidence supporting the petition on its merits. In its memorandum opinion withholding approval of the proposed transfer, the court referred to appellant as "left, without prejudice, to whatever other remedy she might have in the circumstances."

---

* Sitting by designation pursuant to Title 28 U.S.Code, Section 292(c).

Encouraged by this last, appellant brought the present suit. It came before the same judge on appellee's motion for judgment on the pleadings or, alternatively, for summary judgment. The court ruled that the evidence proffered in support of the complaint "fails to add anything of a significant character which would warrant a change in the findings and that the present action merely parallels the relief sought previously and re-litigates the same issue in the previous proceeding." Thus, said the court, either collateral estoppel or *res judicata* stood in appellant's way.

In our view of the matter, however, the District Court sitting in probate was without jurisdiction to decide the merits of the question of whether title to the horses resided in the decedent or in appellant. Price v. Williams, *supra,* which the probate court pointed to as its authority for reaching the merits, dealt only with the question, arising in somewhat unusual circumstances, of whether conservators were entitled to the physical possession of a will allegedly executed by their ward. It cannot, without more, be taken as an authoritative abandonment of the long-established doctrine in this jurisdiction that the modes of proceeding of the probate court make it an inappropriate forum for the resolution of conflicts over title to property, and one which is, in any event, not statutorily endowed with such authority. *See* Jones v. Dunlap, 73 App.D.C. 59, 115 F.2d 689 (1940). The court being without jurisdiction to deal with the merits in the earlier proceeding, its decision on that occasion can hardly bar appellant from bringing the present suit.

The judgment appealed from is reversed and the case remanded for further proceedings not inconsistent herewith.

It is so ordered.