331 A.2d 327 (1975)
In re ESTATE of Helen G. DAPOLITO, Deceased.
Christine R. REAVIS, Appellant,
v.
The RIGGS NATIONAL BANK of Washington, D. C., and Joseph Levin, Appellees.
No. 8024.
District of Columbia Court of Appeals.
Argued June 13, 1974.
Decided January 27, 1975.
Henry F. Lerch, Washington, D. C., for appellant.
*328 Joseph Levin, Washington, D. C., for appellees.
Before FICKLING, KERN and GALLAGHER, Associate Judges.
GALLAGHER, Associate Judge:
Appellees petitioned for probate of a will which nominated them as co-executors. They asserted that the testatrix was domiciled in the District of Columbia and that her mother, who died one month after the testatrix, was the only heir at law and next of kin of the testatrix. Appellant opposed probate alleging that the testatrix had in fact died a resident of and domiciled in Virginia and that the court was therefore without jurisdiction to probate the will. Assertedly, most of the testatrix' personal property is located in Virginia.
The court declined to decide the jurisdictional question, ruling instead that, under the authority of Kimberland v. Kimberland, 92 U.S.App.D.C. 145, 204 F.2d 38 (1953), appellant lacked standing to contest the admission of the will to probate in the District of Columbia. The court stayed its order, conditioned upon the filing of a supersedeas bond, and appellant brought the case here.
Unless the decedent was domiciled here, or, under some circumstances, died with property located here, e. g., Montgomery v. National Savings & Trust Co., 123 U.S.App.D.C. 53, 356 F.2d 806 (1966), the Superior Court is without jurisdiction to probate the will,[1] Lipscomb v. Lipscomb, 105 U.S.App.D.C. 240, 265 F.2d 822 (1959), Montgomery v. National Savings & Trust Co., supra,[2] absent special compelling circumstances, id. The jurisdictional issue is, therefore, normally the first issue to be decided. Lipscomb v. Lipscomb, supra.
"Lack of jurisdiction may be raised at any time. Whenever it affirmatively appears that the jurisdiction fails, the objection may be raised by the parties or the court itself." Laughlin v. Cummings, 70 App.D.C. 192, 193, 105 F.2d 71, 72 (1939), or even may be raised sua sponte by the appellate court, Henderson v. E Street Theatre Corp., D.C.Mun.App., 63 A.2d 649 (1948), Paton v. District of Columbia, D.C.Mun.App., 180 A.2d 844 (1962). Here, the parties were apparently prepared to litigate the facts of the testatrix' domicile but before reaching the issue the probate court ruled appellant had no standing to raise it. Once the jurisdiction of the court is in question, however, "it [is the] duty of [the] court, of its own motion, to take notice of it." Campbell v. Porter, 162 U.S. 478, 482, 16 S.Ct. 871, 872. 40 L.Ed. 1044 (1896), which the trial court did not do.
Moreover, appellant is a specific devisee and a life beneficiary of a testamentary trust under the will. As such she has an interest, legally cognizable, in taking her interests free from potentially successful collateral attack in the future.[3] A common ground for collateral attack on judgments is lack of jurisdiction in the court rendering the judgment. E. g., Anderson v. Pinkett, 142 U.S.App.D.C. 109, 439 F.2d 619 (1971). Kimberland v. Kimberland, supra, relied upon by the trial court in declining to reach the merits of the issue of domicile, is distinguishable as it dealt only with the interest necessary for *329 one to assail the validity of a will, not the jurisdiction of the court itself.
The order appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.[4]
So ordered.
NOTES
[1] We are not here dealing with ancillary administration.
[2] See Mersch, Probate Court Practice in the District of Columbia § 1842 (1952) and 1973 pocket part authored by Professor John L. Garvey.
[3] Insofar as the record discloses thus far, a future collateral attack would not appear likely, but a current indication should not be controlling on the question.
[4] Appellees' motion in this court for appointment of a collector is denied without prejudice to its renewal before the trial court if it should appear appropriate.