**DISTRICT OF COLUMBIA EMPLOYEES' COMPENSATION APPEALS BOARD, Appellant,**

v.

**Bernice W. HENRY, Appellee.**

**No. 85–425.**

District of Columbia Court of Appeals.

Argued April 9, 1986.
Decided Oct. 29, 1986.

---

Karen S. Dworkin, Asst. Corp. Counsel, for appellant. John H. Suda, Acting Corp. Counsel at the time the briefs were filed, Charles L. Reischel, Deputy Corp. Counsel, and Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., at the time the briefs were filed, were on the briefs for appellant.

Rhonda K. Dahlman, Student Atty. (No. 4469), with whom Lawrence E. Williams, Supervising Atty., Washington, D.C., was on the brief, for appellee. G. William Scott, Washington, D.C., also entered an appearance for appellee.

Before NEBEKER, MACK and STEADMAN, Associate Judges.

PER CURIAM:

Appellant, District of Columbia Employees' Compensation Appeals Board (Board), seeks review of a decision of the Superior Court of the District of Columbia granting appellee Bernice Henry disability compensation benefits for a work-related injury. The trial court set aside the determination of the Board that Ms. Henry's claim for benefits was barred because she had failed to give her employer notice of her injury within the then applicable time limitations. We find that the trial court was without jurisdiction to act in this matter. We therefore reverse and remand the case to Superior Court for dismissal of Ms. Henry's appeal from the decision of the Board.

I

Ms. Henry was employed as a nursing assistant at the District of Columbia General Hospital when she injured her back on November 13, 1969 while removing instruments from a sterilizing machine. Not until approximately three and one-half years later, on April 11, 1973, did she file a claim for compensation with the Office of Workers' Compensation Programs of the United States Department of Labor (OWCP).[1] After a hearing, the OWCP issued a final decision on April 24, 1979, denying the claim because it had not been filed within the statutory period, and rejecting Ms. Henry's contention that she had shown that the failure to file was for sufficient

---

1. At that time District of Columbia employees who sustained work related injuries were covered by the provisions of the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq. (1970).

cause or reason and that her immediate supervisor had actual knowledge of the injury within forty-eight hours.[2] The notice of the decision stated that if review of the application was desired, an application should be filed with the Employees' Compensation Appeals Board (ECAB–DOL) within ninety days, but that this time limit could be extended to one year for good cause shown.

On April 10, 1980, Ms. Henry filed an application for review with ECAB–DOL. She was notified by a standard form that her appeal had been docketed. Sometime in July, 1980,[3] this matter was transferred to the District of Columbia government because, pursuant to D.C. Code § 1–624.46 (1981), the disability compensation functions previously exercised by the federal government had been transferred to the District of Columbia. On October 21, 1981, the Department of Labor Standards of the District of Columbia denied Ms. Henry's claim by adopting the findings made by the OWCP hearing examiner. Appellant District of Columbia Employees' Compensation Appeals Board affirmed that decision on June 19, 1982.

Subsequently, Ms. Henry filed in Superior Court a petition for review of the final decision of the Board. The trial court reversed the Board's decision denying benefits to Ms. Henry, holding that it had jurisdiction to hear the appeal and that the record lacked substantial evidence to support the determination that Ms. Henry's supervisor did not have actual notice of the injury within forty-eight hours of its occurrence.

## II

■ Insofar as here relevant, the law applicable to Ms. Henry's claim was that in effect at the time of her injury. *See Garrett v. Washington Air Compressor Co.,* 466 A.2d 462, 462 n. 1 (D.C.1983); *Carey v. Crane Service Co.,* 457 A.2d 1102, 1103 n. 2 (D.C.1983). In November of 1969 when Ms. Henry was injured, District of Columbia employees were covered by the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* (1970) which established under the Secretary of Labor a program of workers compensation for government employees injured in work-related accidents.[4]

FECA provides that:

The action of the Secretary *or his [or her] designee* in allowing or denying a payment under this subchapter is—

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b) (1970) (emphasis added). The purpose of this provision is to ensure consistency of interpretation and policy of FECA. *Mason v. District of Columbia,* 395 A.2d 399, 402 (D.C.1978).

■ Ms. Henry argues that because the final decision was made by the Board, under the District of Columbia Comprehensive Merit Personnel Act of 1978 (Merit Act), D.C. Code § 1–624.1 *et seq.* (1981), this decision is subject to review in Superior Court.[5] Although the finding of the

---

**2.** *See* 5 U.S.C. § 8122(c) (1970), which allowed waiver of the time requirement in certain circumstances. Subsequent amendments to this provisions apply only to injuries or deaths occuring after September 7, 1974. Act of September 7, 1974, Pub.L. No. 93–416, § 28(a), 88 Stat. 1143, 1151 (1974).

**3.** The administrative record before us is incomplete.

**4.** FECA was amended in 1919 to include employees of the District of Columbia. *See* Appropriations Act of 1919, ch. 7, § 11, 41 Stat. 68, 104 (superseded by D.C. Code § 1–624.1 *et seq.* (1981)).

**5.** The Merit Act provides in pertinent part:

The action of Mayor or [the Board] in allowing or denying a payment under this subchapter may be reviewed by the Superior Court of the District of Columbia.

D.C. Code § 1–624.28 (1981).

Board are generally subject to judicial review in Superior Court, we find that under the circumstances of this case, the Superior Court lacks jurisdiction to hear Ms. Henry's claim.

The hearing in this matter was conducted by the United States Department of Labor, during which time evidence was submitted into the record and testimony was heard from Ms. Henry. Based on findings from that record, the Secretary of Labor's hearing representative denied Ms. Henry's claim. In this case the unreviewable findings denying Ms. Henry's claim as untimely filed were ultimately adopted by the Board after enactment of the Merit Personnel Act. It follows that the decision of the Board in this case is unreviewable in Superior Court. A contrary result would impermissibly defy the intent of Congress by subjecting the action of the Secretary of Labor to judicial inquiry. In addition we note that the Merit Personnel Act indicates no intention on the part of the Council of the District of Columbia to augment the rights of all employees by providing for judicial review in cases such as this one.[6] We hold that where the findings upon which a disability claim is decided are established by the Department of Labor, the claim is unreviewable in Superior Court. Consequently, the trial court lacked jurisdiction to hear Ms. Henry's appeal.

*Reversed and remanded for entry of an order consistent with this opinion.*

---

**6.** On May 3, 1979, those provisions of the Merit Act governing disability compensation became effective. However, the District of Columbia entered into an agreement with the United States Department of Labor under which the Department, effective May 3, 1979, would continue to receive and process disability claims. *See Smith v. District of Columbia Dept. of Employment Services,* 494 A.2d 1340, 1341 (D.C. 1985). The District of Columbia Council passed emergency legislation to facilitate the agreement, which among other things, denied judicial review of disability claims "in which the United States Department of Labor (or other federal authority) participated at any stage of the adjudication" under the agreement. D.C. Code § 1–624.28(c) (parenthesis in original). This

agreement remained in effect until January 19, 1981. In *Smith, supra,* 494 A.2d at 1345, we held that the Superior Court was without jurisdiction to hear the case because during the terms of the agreement, the Department of Labor "participated" in the adjudication denying payment of benefits by reviewing the claimant's case and ordering an evaluation by an impartial medical specialist. Although *Smith* precludes judicial review of claims in which the Department of Labor "participated" during the terms of the agreement, it did not address the question now before us, namely, whether judicial review is available for claims denied because of filing deficiencies after a hearing held by the Department of Labor *prior* to the effective date of the agreement.